# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES E. ZIMMERMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1375** (BOR Appeal No. 2047201)
(Claim No. 2012000593)

**BOXLEY AGGREGATES OF WEST VIRGINIA, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles E. Zimmerman, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Boxley Aggregates of West Virginia, LLC, by Karin L. Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 22, 2012, in which the Board affirmed an April 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 18, 2011, decision rejecting the claim for carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Zimmerman worked for Boxley Aggregates of West Virginia, LLC, as a heavy machine operator. On March 12, 2010, three months after he stopped working, Joe O. Othman, M.D., performed an electromyography and nerve conduction study on Mr. Zimmerman. He found that Mr. Zimmerman had double crush syndrome and mild bilateral carpal tunnel syndrome, which affected both sides equally. Mr. Zimmerman then filed an application for workers' compensation benefits based on Dr. Othman's diagnosis. On July 18, 2011, the claims

1

administrator rejected the claim, stating that Mr. Zimmerman's carpal tunnel syndrome was not occupationally related. Mr. Zimmerman then testified by deposition. He stated that his job duties included operating heavy machinery controlled by a lever. He testified that this placed significant strain on his fingers, hands, and arms. He admitted that he had hypertension and hypercholesterolemia, but he denied having diabetes. Marsha Bailey, M.D., then performed an independent medical evaluation of Mr. Zimmerman and found that his bilateral carpal tunnel syndrome was unrelated to his occupation. Dr. Bailey found that Mr. Zimmerman's job duties did not include highly repetitive, forceful, or awkward movements that would place him at risk for developing carpal tunnel syndrome. She also pointed out that Mr. Zimmerman had significant personal risk factors for carpal tunnel syndrome, including obesity and diabetes mellitus. Dr. Bailey found that Mr. Zimmerman's family physician had ordered a hemoglobin A1C test and had written on the report that Mr. Zimmerman had type II diabetes. On April 30, 2012, the Office of Judges affirmed the claims administrator's rejection of the claim. The Board of Review then affirmed the Order of the Office of Judges on October 22, 2012, leading Mr. Zimmerman to appeal.

The Office of Judges concluded that Mr. Zimmerman did not have work-related carpal tunnel syndrome. In making this determination, the Office of Judges relied on Dr. Bailey's independent medical evaluation, in which she opined that Mr. Zimmerman's carpal tunnel syndrome was related solely to his obesity and diabetes mellitus. The Office of Judges found that Mr. Zimmerman's job duties did not include highly repetitive, forceful, or awkward movements. The Office of Judges also noted that Mr. Zimmerman's work did not require a continuous firm grip. The Office of Judges found that Mr. Zimmerman had type II diabetes and mild diffuse sensory polyneuropathy of both lower extremities. The Office of Judges found that Mr. Zimmerman's diabetes resulted in peripheral neuropathy in both hands in the form of carpal tunnel syndrome. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Zimmerman has not demonstrated that he incurred carpal tunnel syndrome in the course of and resulting from his employment. Mr. Zimmerman has shown that he has carpal tunnel syndrome. However, the evidence in the record indicates that it is an ordinary disease of life and not occupationally related. Dr. Bailey found that Mr. Zimmerman's carpal tunnel syndrome was more likely related to his obesity and diabetes than to his occupation. There is insufficient evidence in the record undermining the credibility of Dr. Bailey's report, and the Office of Judges was within its discretion in relying on her opinion. Mr. Zimmerman has not presented sufficient evidence that his job included awkward wrist positioning or high force manual movements which would place him at a high risk for developing carpal tunnel syndrome. West Virginia Code of State Rules §85-20-41.5 (2006).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II